UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RODNEY LASHAUN DIXON,

    Plaintiff,

v.                                           Case No. 5:25-cv-301-MMH-PRL

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.
_____

## **O R D E R**

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, Rodney Lashaun Dixon, initiated this action on May 12, 2025, by filing a Complaint and Demand for Jury Trial (Doc. 1; Complaint).[1] Defendant, Experian Information Solutions, Inc. (Experian), has not yet appeared. Upon review of the Complaint, it appears that Dixon mistakenly filed this action in the wrong venue. As such, the Court will order Dixon to show cause why this action should not be transferred to Gainesville Division of the United States District Court for the Northern District of Florida (Northern District).[2]

---

[1] On May 16, 2025, the Magistrate Judge granted Dixon's motion to proceed in forma pauperis. See Order (Doc. 4).

[2] If Dixon agrees that his action belongs in the Northern District, Gainesville Division, he may simply indicate his consent to transfer.

In his Complaint, Dixon brings three claims against Experian for violations of the Fair Credit Reporting Act (FCRA). See Complaint ¶¶ 11–19. He states that he resides in Gainesville, Florida, and that "[v]enue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims occurred in Gainesville[.]" Id. at 2. Dixon does not include any allegation in the Complaint to connect his action to this district (the United States District Court for the Middle District of Florida, or Middle District) or to this division (the Ocala Division). See generally Complaint; see also Rule 1.04(a), Local Rules for the United States District Court for the Middle District of Florida (Local Rule(s)) (the Ocala Division of the Middle District does not include Alachua County, where Gainesville is located); Rule 3.1, Local Rules for the United States District Court for the Northern District of Florida (the Gainesville Division of the Northern District includes Alachua County).

Venue in federal court is governed by 28 U.S.C. § 1391, which provides in relevant part:

> (a) Applicability of section.-- Except as otherwise provided by law--
>   (1) this section shall govern the venue of all civil actions brought in district courts of the United States; and
>   (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.
> (b) Venue in general.-- A civil action may be brought in--
>   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> 
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
> 
> (c) Residency.-- For all venue purposes--
>> (1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;
>> 
>> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and
>> 
>> (3) a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants.
> 
> (d) Residency of corporations in States with multiple districts.--For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391. Section 1391 applies in actions filed under the FCRA. See 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court … ."); see

- 3 -

generally 15 U.S.C. § 1681 et seq. (providing no specific venue provision). When an action is filed in an improper venue, a district court may, in the interest of justice, transfer the action to "any district or division in which it could have been brought." 28 U.S.C. § 1406.

It appears that venue would be proper in the Northern District under § 1391(b)(2) because the events Dixon alleges give rise to his claims took place there. Because Dixon does not allege any facts in his Complaint to suggest that Experian resides in the Middle District, that any events giving rise to this action took place in the Middle District, or that there is no other district in which this action can be brought, the Court can discern no basis for venue to be proper in the Middle District under § 1391. Therefore, the Court will order Dixon to show cause why this action should not be transferred to the Gainesville Division of the Northern District.

Accordingly, it is

**ORDERED:**

- 5 -

On or before **June 6, 2025**, Plaintiff, Rodney Lashaun Dixon, shall **SHOW CAUSE** why this action should not be transferred to the Gainesville Division of the United States District Court for the Northern District of Florida.

**DONE AND ORDERED** in Chambers this 22nd day of May, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record